I .ARMSTRONG, Judge.
This is an appeal of a decision of a Worker’s Compensation judge. The employer appeals a finding that the employee needs back surgery. Because the Worker’s Compensation judge’s finding as to that issue is not clearly wrong-manifestly erroneous, we will affirm as to’ that issue. The employer also appeals to Worker’s Compensation judge’s failure to reduce benefits by 50% due to an alleged failure of the employee to participate in vocational rehabilitation. We will remand as to that issue.
Claimant employee Leon Batiste alleges that, as a result of an on-the-job injury, he requires back surgery. His original treating physician, Dr. Kucharchuk, opined that surgery was not necessary. Later, Mr. Batiste was seen by another physician of his choice, Dr. Manale, who did recommend surgery. At the request of the employer, BPI Waste Systems of North America Inc. (“BFI”), Mr. Batiste was examined by a third doctor, Dr. Mimiles, who recommended against surgery. BFI then requested a state medical examination of Mr. Batiste which examination was performed by Dr. Moss who did not recommend surgery.
1 ¿The Worker’s Compensation judge found that Mr. Batiste does require surgery. BFI appeals that finding. This finding of fact is subject to review upon appeal under the clearly wrong-manifest error standard of review. E.g., Rosell v. ESCO, 549 So.2d 840 (La.1989). So long as the finding of fact below is reasonable in light of the record as a whole, we may not disturb that finding even if we, as an original matter, would have found differently. Id.
We cannot say that the Worker’s Compensation judge was clearly wrong-manifestly erroneous in finding that Mr. Batiste does need back surgery. BFI argues that Dr. Moss, being a doctor not chosen by either party, is impartial and so his opinion should prevail. BFI also points out that three doctors recommended against surgery and that only one recommended surgery. Those are valid points. However, it is also true that De. Manale, who did recommend surgery, is Mr. Batiste’s current treating physician as opposed to an expert hired for purposes of litigation. Also, Dr., Moss saw Mr. Batiste for only one limited visit and Dr. Mimiles saw Mr. Batiste only twice. Based upon all of this, we cannot say that the Worker’s Compensation judge’s finding was unreasonable.
BFI alleges that it offered vocational rehabilitation to Mr. Batiste and that Mr. Batiste refused it. BFI asserts that, as a result of the alleged refusal, it is entitled to a 50% reduction of Mr. Batiste’s benefits from the date of his refusal until he does agree to participate in vocational rehabilitation. However, the Worker’s Compensation judge did not address this issue in any way. Apparently, lathis was simply an oversight. Thus, we will re *889 mand this case so that the worker’s Compensation judge can address this issue as an original matter.
For the foregoing reasons we affirm the finding that the claimant employee needs back surgery and otherwise remand for further proceedings.

AFFIRMED IN PART AND REMANDED.